UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| FREDDIE GREEN,<br>    Petitioner, | Case No. 1:19-cv-929 |
| vs. | McFarland, J.<br>Litkovitz, M.J. |
| WARDEN, LONDON<br>CORRECTIONAL INSTITUTION,<br>    Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, an inmate in state custody at the London Correctional Institution, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 3). This matter is before the Court on respondent's return of writ, to which petitioner has not responded. (Doc. 9).

## I. PROCEDURAL BACKGROUND

### State Trial Proceeding

On January 3, 2017, the Warren County, Ohio, grand jury returned a four-count indictment charging petitioner with two counts of murder and two counts of felonious assault, all with firearm specifications. (Doc. 8, Ex. 1). Petitioner entered a plea of not guilty to all charges. (Doc. 8, Ex. 2).

Petitioner's first trial resulted in a mistrial after the jury could not return a verdict. (Doc. 8, Ex. 3). The prosecution subsequently moved to dismiss one count each of murder and felonious assault from the indictment, which was granted by the trial court. (Doc. 8, Ex. 4).

Following a second jury trial, petitioner was found guilty of one count each of murder and felonious assault and their accompanying firearm specifications. (Doc. 8, Ex. 5). On November 27, 2017, petitioner was sentenced to serve a total aggregate prison sentence of eighteen years to life in the Ohio Department of Corrections. (Doc. 8, Ex. 6).

### Direct Appeal

On November 28, 2017, petitioner filed a notice of appeal to the Ohio Court of Appeals. (Doc. 8, Ex. 7). Petitioner, through different counsel, raised the following four assignments of error in his merit brief:

1. The trial court erred to the prejudice of the Defendant-Appellant as there was insufficient evidence to convict.

2. The trial court erred to the prejudice of the Defendant-Appellant because the verdict was against the manifest weight of the evidence.

3. The trial court erred to the prejudice of the Defendant-Appellant because he affirmatively showed self defense.

4. The defendant was denied effective assistance of trial counsel as guaranteed by Section 10, Article 1, of the Ohio Constitution and the Sixth and Fourteenth Amendments.

(Doc. 8, Ex. 8). On October 1, 2018, the Ohio Court of Appeals overruled petitioner's assignments of error and affirmed the judgment of the trial court. (Doc. 8, Ex. 10).

### Ohio Supreme Court

On June 24, 2019, petitioner filed a pro se notice of appeal and motion for leave to file a delayed appeal to the Ohio Supreme Court. (Doc. 8, Ex. 11, 15). The Ohio Supreme Court denied petitioner's motion for a delayed appeal on August 20, 2019. (Doc. 8, Ex. 12).

### Federal Habeas Corpus

Petitioner filed the instant habeas corpus action on November 4, 2019. He raises the following two grounds for relief in the petition:

1. The evidence was insufficient to support a verdict and conviction for the charges and specifications.

2. Appellant was denied effective assistance of trial counsel as guaranteed by Section 10, Art. 1 of the Ohio Constitution and the Sixth and Fourteenth Amendments of the U.S. Constitution.

(Doc. 3).

Respondent has filed a return of writ in response to the petition. (Doc. 9). According to respondent, petitioner procedurally defaulted and waived his grounds for relief. As noted above, petitioner has failed to respond to the return of writ.

## II. THE PETITION SHOULD BE DENIED

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c); *see also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275–76 (1971). In order to satisfy the fair presentation requirement, the claims asserted in the federal habeas petition must be based on the same facts and same legal theories that were presented to the state courts. *Carter v. Mitchell*, 693 F.3d 555, 568 (6th Cir. 2012) (citing *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998)). Moreover, a claim is deemed fairly presented only if the petitioner presented his constitutional claims for relief to the state's highest court for consideration. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir. 1985). If the petitioner fails to fairly present his constitutional claims through the requisite levels of state appellate review to the state's highest court, or commits some other procedural default that prevents a merit-based review of the federal claims by the state's highest court, he may have waived the claims for purposes of federal habeas review. *See O'Sullivan,* 526 U.S. at 847-48; *Harris v. Reed,* 489 U.S. 255, 260-62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v.*

3

*Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989).

It is well-settled under the procedural default doctrine that the federal habeas court may be barred from considering an issue of federal law from a judgment of a state court if the judgment rests on a state-law ground that is both "independent" of the merits of the federal claim and an "adequate" basis for the state court's decision. *See Harris,* 489 U.S. at 260-62. The Supreme Court has stated:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default, and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Such a default may occur if the state prisoner files an untimely appeal, *Coleman*, 501 U.S. at 750, if he fails to present an issue to a state appellate court at his only opportunity to do so, *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994), or if he fails to comply with a state procedural rule that required him to have done something to preserve the issue for appellate review. *United States v. Frady*, 456 U.S. 152, 167-69 (1982); *Simpson v. Sparkman*, 94 F.3d 199, 202 (6th Cir. 1996).

The Sixth Circuit employs a three-prong test, which was initially established in *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986), to determine if a claim is procedurally defaulted under the adequate and independent state ground doctrine:

> First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. . . . Second, the court must decide whether the state courts actually enforced the state procedural sanction. . . . Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.

*Hoffner v. Bradshaw*, 622 F.3d 487, 495 (6th Cir. 2010) (quoting *Jacobs v. Mohr,* 265 F.3d 407,

4

417 (6th Cir. 2001) (in turn quoting *Maupin*)); *see also Johnson v. Bradshaw*, 493 F. App'x 666, 669 (6th Cir. 2012). Under *Maupin* and as discussed above, if the three prerequisites are met for finding a claim is procedurally defaulted under the adequate and independent state ground doctrine, federal habeas corpus review of the defaulted claim is precluded unless the petitioner can demonstrate cause for and prejudice from his procedural default or that failure to consider the defaulted claim will result in a "fundamental miscarriage of justice." *Hoffner*, 622 F.3d at 495 (citing *Maupin*, 785 F.2d at 138); *Johnson,* 493 F. App'x at 669. *See also Coleman*, 501 U.S. at 750; *Harris,* 489 U.S. at 262; *Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

In this case, petitioner procedurally defaulted his grounds for relief by failing to fairly present them to the Ohio Supreme Court. Petitioner raised his grounds for relief as assignments of error on direct appeal to the Ohio Court of Appeals. (*See* Doc. 8, Ex. 8). However, petitioner committed a procedural default by failing to pursue a timely appeal to the Ohio Supreme Court from the Ohio Court of Appeals' October 1, 2018 decision affirming the judgment of the trial court. (*See* Doc. 8, Ex. 10). Although petitioner later attempted to obtain a delayed appeal with the Ohio Supreme Court, the state's highest court denied petitioner leave to pursue such an appeal. (*See* Doc. 8, Ex. 11, 12).

The Sixth Circuit has held that the Ohio Supreme Court's unexplained entry denying a motion for leave to file a delayed appeal constitutes an adequate and independent state procedural ruling sufficient to bar review of a federal habeas corpus petition. *Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004) (per curiam); *see also Baker v. Bradshaw,* 495 F. App'x 560, 565 (6th Cir. 2012) (citing *Bonilla* in pointing out that "[t]his court has held that violation of . . . the timeliness requirements for an appeal to the Ohio Supreme Court . . . constitute[s] adequate

and independent state grounds to preclude hearing an untimely claim on the merits"). Here, as in *Bonilla* and *Baker*, because petitioner failed to pursue a timely appeal to the Ohio Supreme Court and the Ohio Supreme Court denied petitioner leave to file a delayed appeal, the state's highest court never had the opportunity to consider the merits of the claims alleged in the petition. Consequently, by failing to fairly present his constitutional claims to the Ohio Supreme Court, petitioner has waived his claims absent a showing of cause for his default and actual prejudice as a result of the alleged errors, or that the failure to consider the claims will result in a "fundamental miscarriage of justice." *See Coleman,* 501 U.S. at 750. *See also Murray,* 477 U.S. at 485; *Isaac,* 456 U.S. at 129; *Sykes,* 433 U.S. at 87.

"'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him[;] . . . some objective factor external to the defense [that] impeded . . . efforts to comply with the State's procedural rule." *Coleman*, 501 U.S. at 753 (quoting *Murray,* 477 U.S. at 488). "Such factors may include interference by officials, an attorney error rising to the level of ineffective assistance of counsel, or a showing that a factual or legal basis for a claim was not previously available." *Wilson v. Hurley,* 382 F. App'x 471, 478 (6th Cir. 2010) (citing *McClesky v. Zant*, 499 U.S. 467, 493-94 (1991)).

Petitioner has not demonstrated cause to excuse the procedural default. As noted above, petitioner has failed to respond to the return of writ. In support of his delayed appeal motion to the Ohio Supreme Court, petitioner stated that he was hospitalized from August 2018 through October 8, 2018 due to a bone infection in his left foot. Petitioner further indicated that he was also in the Noble Correctional Institution's infirmary on October 20, 2018. Petitioner averred that while at the prison he attempted to prepare his appeal at the prison law library, despite being back and forth to the infirmary. (*See* Doc. 8, Ex. 8 at PageID 158).

However, petitioner had forty-five days—from October 1, 2018 until November 15, 2018—to file a timely notice of appeal to the Ohio Supreme Court. As argued by respondent, petitioner's hospitalization only accounts for a small portion of this time and petitioner has offered no explanation for his failure to file his delayed appeal motion until June 24, 2019, several months later. Nothing in the record before the Court indicates that petitioner's health issues prevented him from complying with state procedural rules. Petitioner's affidavit demonstrates that he was able to take action on his case during this time, including accessing the prison law library and contacting the Ohio Public Defender's Office. (*See* Doc. 8, Ex. 8 at PageID 158). To the extent that petitioner may contend that his pro se status or limited access to the prison law library prevented him from filing a timely notice of appeal, these arguments are insufficient to establish cause. See *Bonilla*, 370 F.3d at 497.

Furthermore, petitioner has not specified what additional research was needed to present his claims to the Ohio Supreme Court, which were fully briefed by counsel in his direct appeal to the Ohio Court of Appeals. *See, e.g.*, *Doliboa v. Warden*, 503 F. App'x 358, 360 (6th Cir. 2012) (noting that the petitioner failed to explain how the lack of access to legal materials prevented him from advancing "the very arguments that his former counsel articulated—and supported with case law—in [petitioner's] intermediate appeal to the Ohio Court of Appeals" in finding that petitioner failed to establish cause). See also *Ervin v. Jarvis*, No. 16-4239, 2017 WL 5178932, at *3 (6th Cir. May 31, 2017) ("With respect to a law library . . . [t]he inmate must show that the inadequacy of the prison's legal resources made it impossible for him to access the courts to raise his claims.") (internal quotation marks and citations omitted). Accordingly, petitioner has not demonstrated cause to overcome the default of his claims.

Finally, petitioner has not demonstrated that a fundamental miscarriage of justice will occur if his procedurally-defaulted claims for relief are not considered or, in other words, that the alleged errors "probably resulted in the conviction of one who is actually innocent." *See Murray,* 477 U.S. at 495–96. *See also Schlup v. Delo,* 513 U.S. 298, 327 (1995); *Bonilla,* 370 F.3d at 498. To establish a credible claim of actual innocence sufficient to excuse his procedural default, petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup,* 513 U.S. at 324.

Petitioner must also show "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt" in light of all the evidence, including that evidence alleged "to have become available only after the trial." *Id.* at 327–28. "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. at 329. The Court notes that actual innocence, which would permit collateral review of a procedurally defaulted claim, means factual innocence, not mere legal insufficiency. *Bousley v. United States,* 523 U.S. 614, 623 (1998). *See also Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir. 1998). The actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Schlup,* 513 U.S. at 321.

Petitioner has failed to establish a credible claim of actual innocence under the *Schlup* standard, as he has not supported his allegations of constitutional error with any new evidence of actual innocence. "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup,* 513 U.S. at 316.

8

Petitioner has not demonstrated that his procedural defaults should be excused under the "fundamental miscarriage of justice" exception. Therefore, petitioner has procedurally defaulted and waived the claims raised in the petition.

Accordingly, in sum, the undersigned finds that petitioner has procedurally defaulted and waived his claims for relief in the petition.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 3) be **DENIED** with prejudice.

2. A certificate of appealability should not issue with respect to the claims alleged in the petition, which this Court has concluded are waived and thus procedurally barred from review, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484–85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling.[1]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 12/5/2020

Karen L. Litkovitz
United States Magistrate Judge

---

[1] Because this Court finds that the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in any of his grounds for relief. *See Slack*, 529 U.S. at 484.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

FREDDIE GREEN,
    Petitioner,

vs.

WARDEN, LONDON
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:19-cv-292

McFarland, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).